UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

LORI UCCI; and
RONALD UCCCI

Vs.                                                C.A. No.: **05 CV 10997 PBS**

WILLIAM FORD; and                         **Plaintiffs hereby request a trial**
KIMBERLY PERRY                              **by jury.**

AMOUNT $ 250.00
SUMMONS ISSUED 2
**COMPLAINT**                                    LOCAL RULE 4.1
WAIVER FORM
BY DPTY. CLK. M.P.
DATE 5/13/2005

MAGISTRATE JUDGE JGD

1. Plaintiffs, Lori Ucci and Ronald Ucci were at all times relevant hereto residents and domiciliaries of Providence County, State of Rhode Island and husband and wife.

2. Upon information and belief, Defendant William Ford, was at all times relevant hereto a resident and domiciliary of the Commonwealth of Massachusetts.

3. Upon information and belief, Defendant Kimberly Perry, was at all times relevant hereto a resident and domiciliary of the Commonwealth of Massachusetts.

4. This Honorable Court is vested with jurisdiction in this matter by virtue of diversity of citizenship under 28 U.S.C. §1332.

5. Venue is vested in this Court based on the location of the motor vehicle accident.

### Count I – Negligence of William Ford

6. On or about July 24, 2002, Plaintiff Lori Ucci was the operator and owner of a motor vehicle traveling on Route 95/128 in Dedham, Massachusetts.

7. On or about July 24, 2002, Defendant William Ford was the operator of a motor vehicle traveling in the same direction as Plaintiff Lori Ucci on Route 95/128 in Dedham, Massachusetts.

8. At all times relevant hereto, Plaintiff Lori Ucci was operating her motor vehicle in a safe and careful manner, and at all times relevant hereto was in the exercise of due and reasonable care for her own safety and well-being and the safety of others.

9. At all times relevant hereto, Defendant William Ford owed a duty of care to all persons using the public highways, including Plaintiff Lori Ucci, to exercise reasonable care and safety in the operation of his motor vehicle.

10. At the aforementioned time and place, Defendant William Ford breached the duty owed to Plaintiff Lori Ucci, by operating his motor vehicle in a negligent and careless manner and thereby causing it to collide with the rear of the motor vehicle Plaintiff Lori Ucci was operating.

11. As a direct and proximate result of Defendant William Ford's conduct and breach as set forth above, the Plaintiff Lori Ucci suffered severe injuries, suffered great pain of body, nerves and nervous system, was rendered disabled, has suffered a loss of earnings, has suffered a loss of enjoyment of life, has been required to undergo expensive medical treatment, has been unable to perform her usual daily activities, has become liable to pay large sums of money for her medical and hospital treatment, and was otherwise injured.

WHEREFORE, Plaintiff Lori Ucci, demands judgment against Defendant, William Ford for compensatory damages, plus interest and costs.

### Count II – Negligence of Kimberly Perry

12. On or about July 24, 2002, Defendant Kimberly Perry was the owner of a motor vehicle operated by her agent, Defendant William Ford, with her knowledge, permission and consent.

13. At all times relevant hereto, Defendant Kimberly Perry owed a duty to the general public, including Plaintiff Lori Ucci, through her agent, Defendant William Ford, to ensure the safe operation of her motor vehicle and for said vehicle to be operated with reasonable care and safety.

14. At all times relevant hereto, Plaintiff Lori Ucci was operating her motor vehicle in a safe and careful manner, and at all times relevant hereto was in the exercise of due and reasonable care for her own safety and well-being and the safety of others.

15. At the aforementioned time and place, Defendant Kimberly Perry's agent, William Ford, breached the aforementioned duty by operating said motor vehicle in a negligent and careless manner.

16. As a direct and proximate result of Defendant Kimberly Perry's agent's conduct and breach as set forth above, the Plaintiff Lori Ucci suffered severe injuries, suffered great pain of body, nerves and nervous system, was rendered disabled, has suffered a loss of earning capacity, has suffered a loss of enjoyment of life, has been required to undergo expensive medical treatment, has been unable to perform her usual daily activities, has become liable to pay large sums of money for her medical and hospital treatment, and was otherwise injured.

WHEREFORE, Plaintiff Lori Ucci, hereby demands judgment against Defendant Kimberly Perry, for compensatory damages, plus interest, costs and such other relief as this Honorable Court deems just.

### Count III – Ronald Ucci's Claim for Loss of Consortium

17. As a direct and proximate result of Defendant William Ford and Defendant Kimberly Perry's negligence and breach as set forth above, Plaintiff Ronald Ucci suffered a loss of consortium of Plaintiff Lori Ucci.

WHEREFORE, Plaintiff Ronald Ucci hereby demands judgment against Defendant William Ford and Defendant Kimberly Perry for compensatory damages, plus interest, costs and such other relief as this Honorable Court deems just.

## Jury Trial Demand

Plaintiffs hereby demand a trial by jury.

                          Plaintiffs
                          By their attorney,

                          _/s/ James W. Bagnell_
                          James W. Bagnell BBO 026160
                          179 Webster Street
                          East Boston, MA 02128-2835
                          (617) 943-3129
                          (617) 569-9077 (fax)

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LORI UCCI<br>RONALD UCCI | WILLIAM FORD<br>LINDA PERRY |
| (b) County of Residence of First Listed Plaintiff   PROVIDENCE, RI<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   BRISTOL<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>James W. Bagnell, Esq., 179 Webster Street, East Boston, MA 02128-2835, 617-943-3129 | Attorneys (If Known)<br>**05 CV 10997 PBS** |

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Automobile Accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: 05/13/2005
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Lori Ucci v William Ford__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    _X_  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

    **05-10997 PBS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    __NONE__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                    YES ☐    NO ☒
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                    YES ☐    NO ☒

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☒       Central Division ☐       Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐       Central Division ☐       Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                    YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __James W. Barrell__
ADDRESS __175 Webster St Boston MA 02128-2835__
TELEPHONE NO. __(617) 567-2000 or (617) 943-3125__

(CategoryForm.wpd -5/2/05)