UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action #: 05CV10997 PBS

LORI UCCI and RONALD UCCI,
    Plaintiffs

v.

WILLIAM FORD and KIMBERLY PERRY,
    Defendants.

## ANSWER TO COMPLAINT

NOW COME the defendants, William Ford and Kimberly Perry, and answer the plaintiff's complaint as follows:

1. Answering defendants are without information sufficient to form a belief as to the allegations set forth in this paragraph of the complaint, and accordingly, deny these allegations and demand proof thereof at the time of trial.

2. Admitted.

3. Admitted.

4. Denied. The defendants say that the plaintiff has failed to meet the amount in controversy required by 28 U.S.C. § 1332, and thus, the Court has no subject matter jurisdiction.

5. Without admitting that subject matter jurisdiction is proper, the defendants admit that venue is proper in this federal district.

## COUNT I

6. Answering defendants are without information sufficient to form a belief as to the allegations set forth in this paragraph of the complaint, and accordingly, deny these allegations and demand proof thereof at the time of trial.

7. Denied as stated. It is admitted only that the defendant William Ford, was operating a motor vehicle on July 24, 2002 in or about Route 95/128. The remaining allegations of this paragraph of the complaint are denied.

8. Denied.

9. Admitted.

10. Denied.

11. Denied.

## COUNT II

12. Denied as stated. It is admitted only that the defendant Kimberly Perry was the owner of a motor vehicle being driven by the co-defendant William Ford on or about July 24, 2002, with her knowledge and permission. It is specifically denied that there was any agency relationship between the defendants. The remaining allegations of this paragraph of the complaint are denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## COUNT III

17. Denied.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against the Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Defendant states that the injury or damage complained of was caused in whole or in part by the negligence of the Plaintiff, and that such negligence equaled or exceeded any negligence on the part of the Defendant.

**THIRD AFFIRMATIVE DEFENSE**

If the Plaintiff sustained damages as alleged in the Complaint, they were caused by acts of a third person, which acts the Defendant had no reason to anticipate and of which person the Defendant had no knowledge, and over whom he had no control.

**FOURTH AFFIRMATIVE DEFENSE**

The Defendant states that the Plaintiff is barred from recovery because this action has not been brought within the time specified by the Laws of the Commonwealth.

**FIFTH AFFIRMATIVE DEFENSE**

The Defendant is not liable to the Plaintiff under M.G.L. 231 § 85A and M.G.L. 231 § 85B.

**SIXTH AFFIRMATIVE DEFENSE**

The Defendant states that he is exempt from liability to the Plaintiff to the extent provided by M.G.L. 231 § 6D, in that the reasonable and necessary expenses incurred in treating the injuries of the Plaintiff did not exceed $2,000.00, nor was there the loss of a body member, any permanent and serious disfigurement, nor loss of sight or hearing.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant states that this action is barred by virtue of the provisions of M.G.L. 90 § 34M and or § 34O, the Defendant being a member of the class specifically exempted from suit by said provisions.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant states that at the time of the alleged accident, the Plaintiff was engaged in the violation of the Laws of this Commonwealth, and that said violation was the cause of injuries; and the Plaintiff, therefore, cannot recover in this action.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

                        Respectfully Submitted,

                        WILLIAM FORD AND KIMBERLY PERRY
                        BY THEIR ATTORNEYS
                        LITCHFIELD CAVO LLP

_____        _____
Date                                  Mark A. Darling, B.B.O. #: 551285
                                         6 Kimball Lane
                                         Suite 100
                                         Lynnfield, Massachusetts 01940

## **CERTIFICATE OF SERVICE**

    I, Mark A. Darling, hereby certify that on July 25, 2005 I served the within *Answer to Complaint* by first class mail, postage prepaid, to the following:

        James W. Bagnell, Esquire
        179 Webster Street
        East Boston, Massachusetts  02128-3129


        _____
        Mark A. Darling