UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORI UCCI and RONALD UCCI,<br>    Plaintiffs,<br><br>v.<br><br>WILLIAM FORD and KIMBERLY PERRY,<br>    Defendants. | C.A. No.:  05CV10997PBS |

**REVISED JOINT PROPOSED DISCOVERY PLAN
OF THE PARTIES PURSUANT TO FED. R. CIV. P. 16.1 (D)**

    The parties to this action submit this revised Joint Proposed Discovery Plan in accordance with the Court's assigned **April 10, 2006** trial date.

1.    <u>Proposed Discovery Plan</u>:

    The Parties propose that discovery be conducted in accordance with the following provisions:

    (a)    <u>Interrogatories</u>:

        (i)    Each party shall be limited to a total of 30 interrogatories.

        (ii)    Each party may divide its permitted interrogatories into as many separate sets as it wishes.

        (iii)    The parties shall serve their initial set of interrogatories no later than **November 4, 2005**.

        (iv)    No interrogatories shall be served later than **January 1, 2006**.

    (b)    <u>Fed. R. Civ. P. 34 Requests</u>:

        (i)    Each party may divide its Rule 34 requests into as many separate sets as it wishes.

      (ii)    The parties shall serve their initial set of Rule 34 requests no later than **November 15, 2005**.

  (c)    <u>Fed. R. Civ. P. 36 Requests</u>:

      (i)    There shall be no limit on the number of Rule 36 requests for admission of facts each party may direct to another party.

      (ii)    Each party may divide its requests for admission into as many separate sets as it wishes.

      (iii)    No Rule 36 requests for admission shall be served later than 30 days before the date set for commencement of trial.

  (d)    <u>Previously Served Interrogatories and Fed. R. Civ. P. 34 Requests</u>:

      (i)    The parties shall answer any Interrogatories or Rule 34 Requests served before the date of this discovery plan no later than **November 30, 2005**.

  (e)    <u>Automatic Disclosures</u>:

      (i)    All parties shall serve the disclosures required by Fed. R. Cir. P. 26(a)(1) no later than **November 4, 2005**.

  (f)    <u>Non-Party Documents - Only Subpoenas</u>:

      (i)    There shall be no specific numerical <u>limit</u> on the number of documents-only subpoenas that the parties may serve on non-parties pursuant to Fed. R. Civ. P. 34(c) and 45. This provision is, however, without prejudice to the right of any party and of any non-party to move for a protective order with respect to documents-only subpoenas, which they deem excessive, unreasonable, or otherwise inappropriate.

      (ii)    The party serving a non-party documents-only subpoena shall serve a copy of the subpoena on counsel for the other party on or before the date the subpoena is served on the records custodian. The party serving the subpoena shall provide counsel for the other party with copies of all documents received in response to it upon such counsel's written request for copies and agreement to pay the reasonable cost of making the copies.

(e) <u>Depositions of Fact Witnesses</u>:

    (i) Each party shall be limited to a total of 10 depositions of fact witnesses.

    (ii) The plaintiffs agree to appear for their depositions at a location to be mutually agreed upon by the parties no later than **November 15, 2005** and further agree to provide the defendants with complete and up to date medical records no later than **November 1, 2005**.

    (iii) Depositions of non-party fact witnesses who neither reside nor work in Massachusetts shall be taken in or near the locality in which the witness resides or works, unless all parties and the witness agree or the Court others otherwise.

    (iv) No deposition of a fact witness shall last more than 6 hours, exclusive of a 1 hour lunch break, unless the parties and the witness agree or the Court orders otherwise.

    (v) Any party may record the deposition of any fact witness by audiovisual means without further order of the court so long as the deposition is recorded by stenographic means as well as audiovisual means. The party wishing to record a deposition by audiovisual means shall so state in the notice of taking deposition and shall notify the other party at least 14 days in advance, unless otherwise agreed to by mutual consent of the parties, of the identity of the person or entity which will perform the audiovisual recordation. Nothing in this subsection shall be to the prejudice of any party or witness to seek a protective order with respect to proposed audiovisual recordation of a deposition if the party or witness believes there is good cause for such and order.

    (vi) All discovery depositions of all fact witnesses shall be concluded no later than **February 28, 2006**. Depositions of fact witnesses unlikely to be available to testify at trial, and taken for the purpose of eliciting trial testimony, may be taken later than **February 28, 2006**, insofar as the parties and the witness may agree or the Court may order.

(f) <u>Expert Disclosures</u>

    (i) The plaintiffs shall provide their Rule 26(a)(2) disclosures with respect to proposed trial experts no later than **January**

     15, 2006. The defendants shall provide their Rule 26(a)(2) disclosures with respect to proposed trial experts no later than **February 15, 2006**.

(ii) The plaintiffs shall produce their proposed trial experts for deposition no later than **January 31, 2006**. The defendants shall produce their proposed trial experts for deposition no later than **February 28, 2006**.

(iii) Proposed trial experts shall be produced for deposition without need for service of a subpoena upon the witness. The party seeking the deposition shall serve a deposition notice with, if appropriate, a request for specified documents appended to it. It shall be the responsibility of the party proposing to introduce the proposed expert's testimony at trial to assure that the witness appears in accordance with the notice and produces the requested documents, except insofar as timely objection is made thereto.

(iv) The parties shall cooperate in selecting dates for depositions of proposed experts that are consistent with subsection (ii) and which are reasonably convenient for all counsel and the witness. It shall be the responsibility of counsel for the parties to notify each of their proposed expert witnesses of the provisions of this order regarding depositions of experts no later than one month before the Rule 26(a)(2) disclosures with response to such experts are made, and to take timely measures to assure such witnesses' availability for depositions in accordance with subsection (ii).

(v) No deposition of an expert witness shall last more than 12 hours, exclusive of 2 hours for lunch breaks over the course of two days, unless the parties, and the witness agree or the court orders otherwise. This provision is not, however, to the prejudice of any party or expert witness to seek a protective order with respect to a deposition which the party or witness deems to be unduly protracted.

(vi) Depositions of proposed trial experts shall be taken in or near the locality in which the witness works or resides unless both parties and the witness agree otherwise.

(vii) Any party may record the deposition of any proposed expert witness by audiovisual means without further order

of the court so long as the deposition is recorded by stenographic means as well as audiovisual means. The party wishing to record a deposition by audiovisual means shall so state in the notice of taking of deposition and shall notify the other party at least 14 days in advance, unless otherwise agreed to by mutual consent of the parties, of the identity of the person or entity which will perform the audiovisual recordation. Nothing in this subsection shall be to the prejudice of any party or witness to seek a protective order with respect to proposed audiovisual recordation of a deposition if the party or witness believes there is good cause for such an order.

(viii) The party taking the deposition of a proposed expert witness shall be responsible for paying the witness for (a) his or her time actually spent at the deposition, (b) his or her time actually spent traveling to and from the deposition, except insofar as such ravel may be attributable in part to other business of the witness, and (c) reasonable expenses (including coach air fare) actually incurred in traveling to and from the deposition, except insofar as such expenses may be attributable in part to other business of the witness. Such payment shall be made within 60 days after receipt by counsel who took the deposition of a bill itemizing the reimbursable charges described in this subsection. Payment for the witness's time shall be at the same rate charged by the witness for his or her services performed for the party which retained him or her, and not at a premium or flat rate, unless otherwise agreed by the parties.

(ix) The party that takes the deposition of a proposed trial expert shall be entitled to receive copies of documents produced by the witness in accordance with the deposition notice and subsection (iii) upon the party's request for them and agreement to pay the reasonable copying cost.

2. <u>Schedule for Motions</u>

    (a) Motions to amend the pleadings shall be filed no later than **December 1, 2005**.

    (b) Motions to add third-party defendants shall be filed no later than **December 1, 2005**, except insofar as any amendment to the complaint allowed after the date of this order may make such addition appropriate. A motion to add a third-party

5

        defendant that is made appropriate by any such amendment shall be filed no later than 45 days after the amendment is allowed.

    (c)    Dispositive motions shall be filed no later than **March 10, 2006**.

    (d)    Motions for confidentiality orders with respect to materials requested in discovery and motions for protective orders with respect to discovery proceedings may be filed at any reasonable time after the issues to which they pertain arise, but before filing any such motion counsel for all parties shall engage in good faith negotiations in an effort to resolve the issues by agreement.

3.    <u>Trial Date</u>

Trial is scheduled for **April 10, 2006**.

4.    <u>Modification of Proposed Discovery Plan</u>:

The parties agree that the provisions of the proposed discovery plan set forth herein shall be modified only by order of the Court.

Respectfully Submitted,
By the Parties,

| The Plaintiffs,<br>Lori Ucci and Ronald Ucci,<br>By their Attorneys, | The Defendants,<br>William Ford and Kimberly Perry,<br>By their Attorney, |
|---|---|
| /S/ James W. Bagnell<br>James W. Bagnell, B.B.O. # 026160<br>179 Webster Street<br>East Boston, MA  02128<br>Tel:  617-943-3129 | /S/ Mark A. Darling<br>Mark A. Darling, B.B.O. # 551285<br>Luana DiSarra, B.B.O. # 650681<br>Litchfield Cavo, LLP<br>6 Kimball Lane, Suite 100<br>Lynnfield, MA  01940<br>Tel:  (781) 309-1500 |

Dated:  November 3, 2005

**CERTIFICATE OF SERVICE**

    I, Luana DiSarra, hereby certify that on this 3rd day of November 2005, I served the within document to the following:

| | |
|---|---|
| James W. Bagnell, Esq. | Scott P. Tierney, Esq. |
| 179 Webster Street | 260 West Exchange Center, Suite 208 |
| East Boston, MA  02128 | Providence, RI  02903 |

                /S/ Luana DiSarra